UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

L. JOSEPH LAPINSKY,

Petitioner,

v.

MATTHEW TVEITE, and
DENIS DOWD,

Respondents.

Civil No. 01-2297 (ADM/SRN)

**ORDER**

---

Petitioner, a federal prisoner detained at the Anoka County Jail in Anoka, Minnesota, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District.[1] Furthermore, he has not submitted his petition on 8½ x 11 paper, and his petition is not "double-spaced," as required by Local Rule 5.1. Petitioner's habeas corpus application is also defective because it does not show that he has exhausted all of his available administrative remedies as to all of his claims. See Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989) (federal prisoners must exhaust administrative remedies before seeking habeas relief under § 2241). The Court further notes that most of Petitioner's claims apparently pertain to the conditions of his confinement, (rather than the fact or duration of his confinement), and are therefore not cognizable in a habeas corpus proceeding. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]If the prisoner is not challenging the validity of his conviction

---

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

DEC 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

or the length of his detention... then a writ of habeas corpus is not the proper remedy").

Because of the numerous defects in Petitioner's current petition, the Clerk of Court will be directed to return it to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. The Clerk will also be directed to provide Petitioner with a copy of the prescribed form for a § 2241 habeas petition filed in this District, and Petitioner will be allowed to file an Amended Petition on that form. Each individual claim for relief that Petitioner seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form. The Amended Petition must also clearly explain the steps that Petitioner has taken to exhaust his administrative remedies for each claim listed. Finally, Petitioner must leave out any claims that pertain only to the conditions of his confinement. If Petitioner fails to submit an Amended Petition by January 15, 2002, it will be recommended that this action be dismissed without prejudice for failure to prosecute.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall return the original habeas corpus petition, (Docket No. 1), to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

---

[2] Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), will be addressed after Petitioner files his Amended Petition, (if he chooses to do so).

2. The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

3. Petitioner shall have until January 15, 2002, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall comply with the various requirements prescribed by Local Rule and by this Order.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: December 21, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge