**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**L. JOSEPH LAPINSKY,**

**Petitioner,**

**v.**

**MATTHEW TVEITE, and DENIS DOWD,**

**Respondents.**

**Civil No. 01-2297 (ADM/SRN)**

**REPORT AND RECOMMENDATION**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

Petitioner, L. Joseph Lapinsky, a federal prisoner detained at the Anoka County Jail in Anoka, Minnesota, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. See Doc. No. 1. However, as discussed in this Court's Order dated December 21, 2001, the petition was defective for the following reasons: 1) Petitioner Lapinsky did not submit his petition on the form prescribed for use in this District[1]; 2) he failed to submit his petition on 8½ x 11 paper, and his petition is not "double-spaced," as required by Local Rule 5.1; 3) the petition does not show that he has exhausted all of his available administrative remedies as to all of his claims; and 4) most of Petitioner Lapinsky's claims apparently pertain to the conditions of his

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

FEB 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

confinement, rather than the fact or duration of his confinement, and are therefore not cognizable in a habeas corpus proceeding. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]If the prisoner is not challenging the validity of his conviction or the length of his detention... then a writ of habeas corpus is not the proper remedy"). See Doc. No. 6.

Accordingly, because of the numerous defects in Petitioner's current petition, the Clerk of Court was directed to return it to Petitioner Lapinsky pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. See Doc. No. 6. The Clerk was also directed to provide Petitioner with a copy of the prescribed form for a § 2241 habeas petition filed in this District, and was granted leave to file an Amended Petition on that form. Petitioner Lapinsky was instructed to clearly identify, as a separate ground for relief, each individual claim for relief that he may seek to present in his Amended Petition. Id. Petitioner was also directed to clearly explain the steps that he has taken to exhaust his administrative remedies for each claim listed. Id. Finally, Petitioner Lapinsky was instructed to omit any claims that pertain only to the conditions of his confinement, and was cautioned that if he failed to submit an Amended Petition by January 15, 2002, the Court would recommend that his action be dismissed without prejudice for failure to prosecute.

As of February 5, 2002, Mr. Lapinsky has failed to comply with the

requirements of the December 21, 2001, Order, in that he has not filed an Amended Petition of any sort. Accordingly, the Court recommends that this action be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) This action be summarily dismissed, without prejudice, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Dated: February 6, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.